UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT HACKWORTH, JR., <br><br> Plaintiff, <br><br> v. <br><br> E. AREVALOS, et al., <br><br> Defendant. | Case No. 1:19-cv-01362-NONE-JLT (PC) <br><br> **ORDER DENYING PLAINTIFF'S MOTION FOR JUDGMENT AND DENYING MOTION TO APPOINT COUNSEL** <br><br> (Docs. 54, 55) |

Plaintiff has filed a third motion for judgment on the grounds of evidence tampering. (Doc. 54.) This motion is substantively similar to the two prior motions for judgment, which were denied. (*See* Doc. 41, 45.) Plaintiff again has not demonstrated that he is entitled to judgment under Federal Rule of Civil Procedure 54 or summary judgment under Rule 56. Accordingly, the Court **DENIES** Plaintiff's motion for judgment. (Doc. 54.)

Plaintiff has also filed a motion seeking the appointment of counsel. (Doc. 55.) Plaintiff does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). *Mallard v. U.S. Dist. Ct. for the S. Dist. of Iowa*, 490 U.S. 296, 298 (1989). The Court may request the voluntary assistance of counsel under section 1915(e)(1). *Rand*, 113 F.3d at 1525. However, without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and

exceptional cases. In determining whether exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. *Id.*

Plaintiff's motion does not indicate exceptional circumstances that warrant appointment of counsel. Even assuming that Plaintiff is not well-versed in the law and that he has made serious allegations, which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases almost daily. At this stage in the proceedings, the Court cannot determine that Plaintiff is likely to succeed on the merits. Moreover, based on a review of the record, the Court finds that Plaintiff can articulate his claims adequately. *Id.* For the foregoing reasons, the Court **DENIES WITHOUT PREJUDICE** Plaintiff's motion for the appointment of counsel. (Doc. 55.)

IT IS SO ORDERED.

Dated:   **September 27, 2021**                              /s/ Jennifer L. Thurston
                                                            CHIEF UNITED STATES MAGISTRATE JUDGE