UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT HACKWORTH,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>E. AREVALOS, *et al.*,<br><br>　　　　　Defendants. | Case No. 1:19-cv-01362-DAD-BAK (EPG) (PC)<br><br>ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO COMPEL RESPONSES TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS<br><br>(ECF No. 62) |

　　　　Plaintiff Robert Hackworth has filed a pleading captioned a "Motion of Objection to the Defendant Denial of Plaintiff Request of Production of Documents Set One," which the Court construes as a motion to compel. (ECF No. 62.) Defendants filed a response in opposition. (ECF No. 64.)

　　　　Plaintiff objects to Defendants' denials that the requests were

> [v]ague and ambiguous . . . overly broad and unduly burdensome/irrelevant information not reasonably calculated to lead to the discovery of admissible evidence: seeks inadmissible character evidence. . . . Defendant's personnel files call for information protected by [California law]. The [re]quest also seeks information that may contain confidential and private information about other inmates' medical conditions, custody classifications, and other sensitive information the disclosure of which would create a hazard to the safety and security of the institution and violate the inmate's rights to privacy and confidentiality and this request seeks documents that are irrelevant to any claim or defense in this action and are unlikely to contain admissible evidence.

(ECF No. 62 at 1–2.)  Plaintiff argues that the request for production of documents was reasonable, sought nonprivileged information, was relevant to a claim or defense, shows a pattern of wrongdoing, and is not unduly burdensome.  Plaintiff adds that any confidential information can be subject to a protective order.  (*Id.* at 2.)

A party may serve on any other party a request to produce documents, electronically stored information, or tangible things. Fed. R. Civ. P. 34(a).  If a party fails to produce requested documents, the party seeking discovery may file a motion to compel a response.  Fed. R. Civ. P. 37(a)(3)(B).  "[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond."  Fed. R. Civ. P. 37(a)(4).  The moving party must "state the relief sought" and provide "with particularity the grounds for seeking" the relief.  Fed. R. Civ. P. 7(b)(1).  The moving party bears the burden of demonstrating "actual and substantial prejudice" from the denial of discovery.  *See Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) (citations omitted).

The Court does not hold prisoners proceeding *pro se* to the same standards that it holds attorneys.  *Waterbury v. Scribner*, No. 1:05-cv-0764 OWW DLB PC, 2008 WL 2018432, at *1 (E.D. Cal. May 8, 2008).  However, Plaintiff has the burden to inform the Court (1) which discovery requests are the subject of the motion to compel, (2) which of the responses are disputed, (3) why the party believes the response is deficient, (4) why any objections are not justified, and (5) why the information sought through discovery is relevant to the prosecution of this action.  *Wilkins v. Macomber*, No. 2:16-CV-0475-TLN-DMC-P, 2022 WL 428965, at *1 (E.D. Cal. Feb. 11, 2022) (citing *McCoy v. Ramirez*, No. 1:13-cv-1808-MJS (PC), 2016 WL 3196738, at *1 (E.D. Cal. June 9, 2016)); *Ransom v. Marquez*, No. 1:10-cv-00397-AWI, 2015 WL 1011706, at *6 (E.D. Cal. Mar. 5, 2015).

Here, Plaintiff has failed to inform the Court which discovery requests are the subject of the motion to compel and which of the responses are disputed.  Plaintiff's production requests and Defendants' responses are neither set forth within the motion nor submitted as an attachment.  Because of this, the Court is unable to assess the relevance of the discovery sought

or the sufficiency of Defendants' responses.  Additionally, Plaintiff has not demonstrated actual and substantial prejudice from the denial of discovery.

Should Plaintiff continue to seek this discovery, he is granted leave to refile, **within thirty (30) days**, a renewed motion that provides the information discussed above.

Accordingly, it is HEREBY ORDERED that Plaintiff's motion to compel (ECF No. 62) is DENIED WITHOUT PREJUDICE.

IT IS SO ORDERED.

Dated:   **March 9, 2022**          /s/ Erica P. Grosjean
                                    UNITED STATES MAGISTRATE JUDGE