UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT HACKWORTH,<br><br>           Plaintiff,<br><br>    v.<br><br>E. AREVALOS, *et al.*,<br><br>           Defendants. | Case No. 1:19-cv-01362-DAD-BAK (EPG) (PC)<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO MODIFY SCHEDULING ORDER<br><br>(ECF No. 74)<br><br>**FOURTEEN (14) DAY DEADLINE** |

      Plaintiff Robert Hackworth is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983.  This action proceeds on claims raised against Defendants Arevalos, Brainard, and Stohl in Plaintiff's second amended complaint.  (*See* ECF Nos. 20, 26.)  On September 16, 2021, the Court entered a discovery and scheduling order setting the dispositive motion deadline for April 18, 2022. (ECF No. 52.)  On December 16, 2021, Defendants Brainard and Stohl filed a motion for summary judgment based on Plaintiff's failure to exhaust administrative remedies prior to filing this action.  (ECF No. 63.)  This motion for summary judgment is pending before the Court.

      On April 15, 2022, Defendants filed a motion to modify the Court's scheduling order and vacate the April 18, 2022, dispositive motion deadline.  (ECF No. 52.)  Defendants request that the Court reset the dispositive motion deadline after ruling on the pending motion for summary

judgment filed by Defendants Brainard and Stohl.  (*See* ECF No. 63.)  Defendants argue that, if the motion for summary judgment is granted, two of the defendants would be dismissed from the case.  Defendants assert that this would significantly narrow the issues to be addressed in a dispositive motion, thereby conserving the parties' time and expenses.  For these reasons, Defendants argue that good cause exists to modify the scheduling order.

Defendants Brainard and Stohl were diligent in filing a timely exhaustion motion on December 16, 2021. The Court has conducted a brief review of the motion for summary judgment and finds, without deciding the motion, that there is a colorable basis for dismissal of claims against Defendants Brainard and Stohl on the basis of non-exhaustion.  Addressing exhaustion issues prior to reaching the merits of this action will conserve the resources of the parties and the Court.  Thus, in the interests of judicial efficiency, the Court finds that Defendants Brainard and Stohl have demonstrated good cause to modify the scheduling order and vacate the dispositive motion deadline as to them.  *See Wilson v. Torres*, No. 1:20-cv-01430-DAD-BAM (PC), 2022 WL 319975, at *1 (E.D. Cal. Jan. 26, 2022).  If necessary, the Court will reset the dispositive deadline as to Defendants Brainard and Stohl following the Court's disposition of their exhaustion-based motion for summary judgment.

Defendant Arevalos did not, however, seek summary judgment based on non-exhaustion. The case against Defendant Arevalos will proceed regardless of the outcome of the pending motion for summary judgment.  A stay of Plaintiff's case against Defendant Arevalos would prejudice Plaintiff.  The pendency of the exhaustion motion filed by Defendants Brainard and Stohl did not impede Defendant Arevalos from filing a timely summary judgment motion on the merits or from seeking an extension of the dispositive motion deadline earlier.

Given that Defendants filed this motion three days before the deadline for dispositive motion, Defendants should be prepared to file such a motion promptly.  Nevertheless, the deadline as to Defendant Arevalos will be extended to fourteen days from the date of this order.

Accordingly, the Court HEREBY ORDERS that:

1. Defendants' motion to modify the scheduling order, (ECF No. 74), is GRANTED IN PART and DENIED in PART;

2

2. The motion is GRANTED as to Defendants Brainard and Stohl, and the dispositive motion deadline is VACATED as to these two defendants, pending ruling on their motion for summary judgment based on non-exhaustion;

3. The Defendants' request to vacate the dispositive deadline with respect to Defendant Arevalos is DENIED;

4. The deadline to file a dispositive motion as to Defendant Arevalos is extended to 14 days from the date of this order.[1]

IT IS SO ORDERED.

Dated:  **April 19, 2022**        /s/ Erica P. Grosjean
                              UNITED STATES MAGISTRATE JUDGE

---

[1] Nothing in this Order precludes Defendants from seeking summary judgment as to all defendants at this time to the extent that the issues are interrelated.

3