UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT HACKWORTH,<br><br>               Plaintiff,<br><br>    v.<br><br>E. AREVALOS, et al.,<br><br>               Defendants. | No. 1:19-cv-01362-ADA-CDB (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS IN FULL<br>(ECF No. 86)<br><br>ORDER GRANTING DEFENDANTS BRAINARD AND STOHL'S MOTION FOR SUMMARY JUDGMENT BASED ON FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES AND DISMISSING WITHOUT PREJUDICE CLAIMS AGINST THESE DEFENDANTS (ECF No. 63)<br><br>ORDER DENYING DEFENDANT AREVALOS' MOTION FOR SUMMARY JUDGMENT (ECF No. 77)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT (ECF No. 79)<br><br>ORDER DENYING AS MOOT PLAINTIFF'S MOTION TO MOVE ACTION THROUGH THE COURTS (ECF No. 87) |

      Plaintiff Robert Hackworth is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On December 30, 2022, the Magistrate Judge issued findings and recommendations recommending that the Court grant Defendant Brainard and Stohl's motion for summary judgment because Plaintiff failed to exhaust administrative remedies by not describing those Defendants' involvement in his written prison grievance. (ECF Nos. 63, 86.)

The findings and recommendations also recommend that the Court deny Defendant Arevalos' motion for summary judgment because genuine issues of material fact remain as to Plaintiff's First Amendment retaliation claim, Eighth Amendment failure to protect claim, and Defendant Arevalos' entitlement to qualified immunity. (ECF Nos. 77, 86.)

Finally, the findings and recommendations recommended denial of Plaintiff's motion for default judgment. (ECF Nos. 79, 86.)

The findings and recommendations contained notice that the parties had fourteen days within which to file objections. (ECF No. 86 at 20.) Plaintiff filed objections, which addressed the Magistrate Judge's recommendation regarding Brainard and Stohl's motion for summary judgment only. (ECF No. 88.) It is undisputed that Plaintiff's CDCR form 602 inmate appeal ("602") concerning this matter, as originally submitted, did not name Brainard or Stohl as the officers who assisted in a cover-up by lying for Arevalos. (*Id.* at 2, 4.) Plaintiff states, however, that he informed officials about Brainard and Stohl's involvement during the prison's second-level investigation, but those officials omitted the information from their report. (*Id.* at 2–3.) Plaintiff claims that the original 602 was lost, so the third-level reviewers used the second-level copy that omitted Brainard and Stohl's names. (*Id.* at 3.) Plaintiff argues that these circumstances made the administrative remedies unavailable. (*Id.* at 3–4.)

The Court again acknowledges that it construes Plaintiff's pleadings liberally because he is proceeding pro se. Accepting Plaintiff's factual allegations as true for the purposes of summary judgment only, Plaintiff's addition of Brainard and Stohl's names to his 602 at the second and third levels of review do not bring these Defendants into the 602 directed at Arevalos. Under California regulations, the 602 must describe the specific issue under appeal and the relief requested; list all staff members involved and describe their involvement in the issue; and provide supporting documents. Cal. Code Regs. tit. 15, §§ 3084.2(a), 3084.3.

Moreover, "[a]dministrative remedies shall not be considered exhausted relative to any new issue, information, or person later named by the appellant that was not included in the originally submitted CDCR form 602." Cal. Code Regs. tit. 15, § 3084.1(b). Because Brainard and Stohl were not included in the original 602, Plaintiff did not exhaust his claims against them.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a de novo review of this case. Having carefully reviewed the entire file, including Plaintiff's objections, the Court finds the findings and recommendations to be supported by the record and proper analysis.

Accordingly,

1. The findings and recommendations filed on December 30, 2022, (ECF No. 86), are adopted in full;
2. Defendants Brainard and Stohl's motion for summary judgment based on failure to exhaust administrative remedies, (ECF No. 63), is granted, and the claims against these Defendants are dismissed without prejudice;
3. Defendant Arevalos's motion for summary judgment, (ECF No. 77), is denied;
4. Plaintiff's motion for default judgment, (ECF No. 79), is denied;
5. Plaintiff's motion to move the action forward, (ECF No. 87), is denied as moot; and
5. This case is referred back to the Magistrate Judge for further proceedings.

IT IS SO ORDERED.

Dated:   March 31, 2023

UNITED STATES DISTRICT JUDGE

3