UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT HACKWORTH, JR, <br><br> Plaintiff, <br><br> v. <br><br> E. AREVALOS, *et al.*, <br><br> Defendants. | Case No.: 1:19-cv-01362 ADA-CDB (PC) <br><br> ORDER DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL <br><br> (Doc. 106) |

Plaintiff Robert Hackworth, Jr., is a state prisoner proceeding pro se and *in forma pauperis* in this civil rights action filed under 42 U.S.C. § 1983. On September 24, 2021, Plaintiff filed a motion to appoint counsel, which the Court denied. (Docs. 55, 56.) Plaintiff filed the instant motion to appoint counsel on September 19, 2023. (Doc. 106.) The Court has reconsidered Plaintiff's request in light of the impending trial and denies his renewed request for court-appointed counsel.

**I.     DISCUSSION**

   **A.     Legal Standard**

Plaintiffs do not have a constitutional right to appointed counsel in section 1983 actions. *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *rev'd in part on other grounds*, 154 F.3d 952, 954 n.1 (9th Cir. 1998). The district courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. *Mallard v. U.S. Dist. Ct. for the S. Dist. of*

*Iowa*, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court seeks volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Id.* (internal quotation marks and citations omitted). A likelihood of success on the merits determination is not the same as that required at screening; at screening, the Court is tasked with determining whether a plaintiff merely has sufficiently and plausibly alleged a cause of action or claim entitling the plaintiff to relief.

The Court must also evaluate Plaintiff's ability to articulate his claims pro se in light of the complexity of the legal issues involved. *Id*. Plaintiff has prosecuted his claims competently and advanced his case towards trial. Specifically, a review of the docket reflects Plaintiff has articulated a broad array of thoughtful arguments in connection with discovery and merits-based motions and oppositions. Therefore, Plaintiff has been able to articulate his claims in light of their complexity. *LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987) (affirming district court's denial of request for appointment of counsel where pleadings demonstrated petitioner had "a good understanding of the issues and the ability to present forcefully and coherently his contentions"). While the Court recognizes that Plaintiff is at a disadvantage due to his pro se status and his incarceration, the test is not whether Plaintiff would benefit from the appointment of counsel. *See Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). The test is whether exceptional circumstances exist. As further addressed below, here, exceptional circumstances are not present.

There is little doubt most pro se litigants "find it difficult to articulate [their] claims," and would be better served with the assistance of counsel. *Id*. For this reason, in the absence of counsel, federal courts employ procedures that are highly protective of a pro se litigant's rights. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding pro se complaint to less stringent

standard) (per curiam). In fact, where a plaintiff appears pro se in a civil rights case, the court must construe the pleadings liberally and afford the plaintiff any benefit of the doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). The rule of liberal construction is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). Thus, where a pro se litigant can "articulate his claims" in light of the relative complexity of the matter, the "exceptional circumstances" that might warrant the appointment of counsel do not exist. *Wilborn*, 789 F.2d at 1331; *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). *See Robinson v. Cryer*, No. 1:20-cv-00622-HBK (PC), 2021 WL 9541411, at *1 (E.D. Cal. Jan. 11, 2021) ("Although Plaintiff is proceeding pro se and is incarcerated, he faces the same obstacles all pro se prisoners face").

Since the Court's previous consideration and denial of appointment of counsel, Plaintiff has prosecuted his case competently. (*See* Docs. 55, 56.) An attorney's ability to better represent Plaintiff at trial does not amount to an exceptional circumstance. *Rand*, 113 F.3d at 1525 (finding no abuse of discretion under 28 U.S.C. § 1915(e) when district court denied appointment of counsel despite fact that pro se prisoner "may well have fared better-particularly in the realm of discovery and the securing of expert testimony"); *Wilborn*, 789 F.2d at 1331 (same); *Courtney v. Kandel*, No. 2:18-CV-2052-KJM-DMC-P, 2020 WL 1432991, at *1 (E.D. Cal. Mar. 24, 2020) (challenges conducting discovery and preparing for trial "are ordinary for prisoners pursuing civil rights claim" and cannot form the basis for appointment of counsel); *Ricks v. Austria*, No. 1:15-cv-01147-BAM (PC), 2016 WL 1734326, at *2 (E.D. Cal. May 2, 2016) (while a pro se litigant may be better served with the assistance of counsel were the case to proceed to trial, the court need not appoint counsel if plaintiff can articulate his claims and exceptional circumstances do not exist); *Thornton v. Schwarzenegger*, 2011 WL 90320, at *7 (S.D. Cal. Jan. 11, 2011) (explaining that "[f]actual disputes and anticipated cross-examination of witnesses do not indicate the presence of complex legal issues warranting a finding of exceptional circumstances").

### B.     Requests for Court-Appointed Counsel

On September 27, 2021, the previously assigned magistrate judge denied Plaintiff's

earlier motion to appoint counsel upon a finding that no exceptional circumstances existed warranting the appointment of counsel. (Docs. 55, 56.) Although the instant motion raises most of the same arguments, the Court will consider Plaintiff's renewed request given the progression of the case since that ruling.

Plaintiff asserts the following as the bases for his request: (1) he is unable to afford counsel and proceeds *in forma pauperis*; (2) his imprisonment greatly impacts his ability to litigate, the issues are complex and will require significant research and investigation; he has limited access to the law library and has a limited education; (3) a trial would involve conflicting testimony, and counsel would be better able to present evidence and call and cross-examine witnesses; (4) Plaintiff has made repeated efforts to obtain legal assistance without success. (*Id.*)

### C. Inability to Afford Counsel

Plaintiff's inability to afford to hire counsel is a not an exceptional circumstance warranting the appointment of counsel. *See Dijkstra v. Campos*, No. 1:21-cv-01223-HBK, 2022 WL 222518, at *1 (E.D. Cal. Jan. 25, 2022) ("Plaintiff's indigence does not qualify 'as an exceptional circumstance in a prisoner civil rights case'"); *Gipbsin v. Kernan*, No. 2:12-cv-0556 KJM DB P, 2021 WL 242570, at *2 (E.D. Cal. Jan. 25, 2021) ("Plaintiff's inability to afford counsel has no bearing on either his likelihood of success on the merits or his ability to articulate his claims pro se"); *Callender v. Ramm*, No. 2:16-cv-0694 JAM AC P, 2018 WL 6448536, at *3 (E.D. Cal. Dec. 10, 2018) ("The law is clear: neither plaintiff's indigence, nor his lack of education, nor his lack of legal expertise warrant the appointment of counsel"); *Montano v. Solomon*, No. 2:07-cv-0800 KJN P, 2010 WL 2403389, at *2 (E.D. Cal. June 11, 2010) ("Neither indigence nor lack of facility in English qualifies as an exceptional circumstance in a prisoner civil rights case").

### D. Imprisonment/Issue Complexity

While the Court recognizes that Plaintiff is at a disadvantage due to his pro se status and his incarceration, as set forth above, the test is not whether Plaintiff would benefit from the appointment of counsel. *See Wilborn*, 789 F.2d at 1331. The test is whether exceptional

circumstances exist. Although Plaintiff asserts in summary fashion that "the issues involved in this case are complex" (Doc. 106), he does not identify any such issues. To the contrary, the Court has reviewed and considers Plaintiff's retaliation-based claim to be straightforward. *E.g.*, *Branch v. Umphenour*, No. 1:08-cv-01655-SAB (PC), 2023 WL 2774690, at *1 (E.D. Cal. Apr. 4, 2023).

### E. Conflicting Testimony & Examination of Witnesses at Trial

An attorney's ability to represent Plaintiff at trial better than he can represent himself does not amount to an exceptional circumstance. *Rand*, 113 F.3d at 1525 (finding no abuse of discretion under 28 U.S.C. § 1915(e) when district court denied appointment of counsel despite fact that pro se prisoner "may well have fared better-particularly in the realm of discovery and the securing of expert testimony"); *Wilborn*, 789 F.2d at 1331 (same); *Courtney v. Kandel*, No. 2:18-CV-2052-KJM-DMC-P, 2020 WL 1432991, at *1 (E.D. Cal. Mar. 24, 2020) (challenges conducting discovery and preparing for trial "are ordinary for prisoners pursuing civil rights claim" and cannot form the basis for appointment of counsel); *Ricks v. Austria*, No. 1:15-cv-01147-BAM (PC), 2016 WL 1734326, at *2 (E.D. Cal. May 2, 2016) (while a pro se litigant may be better served with the assistance of counsel were the case to proceed to trial, the court need not appoint counsel if plaintiff can articulate his claims and exceptional circumstances do not exist); *Thornton v. Schwarzenegger*, No. 10CV01583 BTM RBB, 2011 WL 90320, at *7 (S.D. Cal. Jan. 11, 2011) (explaining that "[f]actual disputes and anticipated cross-examination of witnesses do not indicate the presence of complex legal issues warranting a finding of exceptional circumstances").

### F. Unsuccessful Efforts to Obtain Counsel

While the Court appreciates Plaintiff's efforts to secure counsel, his inability to find counsel is not "a proper factor for the Court to consider in determining whether to request counsel. *Howard v. Hedgpeth*, No. 08cv0859 RTB (PCL), 2010 WL 1641087, at *2 (E.D. Cal. Apr. 20, 2010) (an inability to find counsel is not a proper factor for the Court to consider).

## II. CONCLUSION

For the foregoing reasons, the Court finds exceptional circumstances do not exist in this

1 | action to warrant the Court's appointment of counsel.

2 | Accordingly, it is hereby ORDERED that Plaintiff's motion to appoint counsel (Doc.
3 | 106) is DENIED.

4 | IT IS SO ORDERED.

5 | Dated:   **September 21, 2023**

6 | UNITED STATES MAGISTRATE JUDGE

6