UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT HACKWORTH,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>E. AREVALOS, *et al.*,<br><br>　　　　Defendants. | Case No. 1:19-cv-01362-NODJ-CDB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO TRANSFER VENUE<br><br>(Doc. 105) |

　　Plaintiff Robert Hackworth is a state prisoner proceeding pro se and *in forma pauperis* in this civil rights action filed under 42 U.S.C. § 1983.  This action proceeds on First and Eighth Amendment claims alleged in Plaintiff's second amended complaint against Defendant Arevalos. (*See* Docs. 20, 89.)

　　Pending before the Court is Plaintiff's motion to transfer venue, filed September 11, 2023.  (Doc. 105.)  Defendant timely opposed (Doc. 108) and Plaintiff did not file an optional reply.

**BACKGROUND**

　　Plaintiff's claims arose during his incarceration at California Substance Abuse Treatment Facility ("SATF") in Corcoran, California.  On March 1, 2018, Plaintiff was involved in a verbal altercation with correctional officer ("CO") Arevalos regarding a missing package, during which Plaintiff threatened to "602 your fat ass."  CO Arevalos allegedly responded, "Ok, I got

1    something for you.  Just wait" and "we see who has the last word." (Doc. 63-4 at 12.)  Later that

2    day, CO Arevalos issued a Rules Violation Report ("RVR") for indecent exposure, accusing

3    Plaintiff of masturbating while looking at her.  (*Id.*)

4        Plaintiff was placed in a holding cell in the program office and informed by correctional

5    staff of the RVR.  Plaintiff responded that CO Arevalos lied because Plaintiff threatened to file a

6    grievance against her.  Correctional staff alleged Plaintiff admitted to the charge, saying, "[l]et a

7    man be a man," which Plaintiff denies.  Plaintiff denied the charge to a supervisory correctional

8    officer and claimed that CO Arevalos issued the RVR in retaliation for threatening to file a

9    grievance against her.  The supervisor stated that other officers witnessed the incident and then

10   placed Plaintiff in "the hole" (the Administrative Segregation Unit, or "ad-seg") and referred the

11   incident to the district attorney.  Plaintiff alleges the supervisory correctional officer cleared him

12   of the charge on May 10, 2018.  *Cf* (Doc. 20 at 51.)

13       On March 13, 2018, Plaintiff was transferred from SATF to California State Prison in

14   Corcoran and required to participate in the illegal sex offender program. (*Id.* at 35.)  On June 19,

15   2018, Plaintiff was transferred back to SATF.  (*Id.* at 56.)

16       On November 14, 2018, Plaintiff was attacked by two inmates, allegedly because CO

17   Arevalos and another correctional officer told them about Plaintiff's masturbation charge and

18   alleged "let a man be a man" statement.  Plaintiff suffered a cut on the neck, a broken nose, and

19   black eyes.

20       Plaintiff alleges that CO Arevalos retaliated against him by issuing a false RVR in

21   response to Plaintiff's threat to "602" her, in violation of Plaintiff's First Amendment right to

22   threaten to file grievances against prison officials.  Plaintiff further alleges that CO Arevalos

23   prompted and failed to protect him from a later attack by other inmates, in violation of Plaintiff's

24   Eighth Amendment rights.

25       **PLAINTIFF'S MOTION TO TRANSFER VENUE**

26       In his motion to transfer venue, Plaintiff asserts (1) "the jury pool in the Eastern District of

27   California is bias towards inmates"; (2) "the Eastern District has among the largest if not the

28   largest concentration of prisons, jails, detention centers, and corrections administration offices in

1  the nation"; (3) "this means out of 8 to 9 juries will have someone if not all of them that's
2  connected to the correctal [*sic*] sytem [*sic*]; (4) "that means there [is] a significant demographic
3  bias in the Eastern District of California that manifests itself in litigation involving correctional
4  officers and the operation of prison." (Doc. 105 at 1-2.)  Plaintiff separately asserts that the
5  Central Valley Region of California is a Republican stronghold noted for its conservative tough
6  on crime" legislators.  *Id.* at 3.  Based on this, Plaintiff asserts that it is significantly likely the jury
7  pool empaneled for his anticipated trial will be biased, and accordingly, he seeks to transfer the
8  action to the Northern or Central District of California.  *Id.*

9  Defendant opposes Plaintiff's motion.  She asserts that neither the convenience of the
10 parties nor the interests of justice warrant transfer.  (Doc. 108 at 2-3.)

11 **LEGAL STANDARD**

12 The venue transfer statute, 28 U.S.C. § 1404(a), provides: "For the convenience of parties
13 and witnesses, in the interest of justice, a district court may transfer any civil action to any other
14 district or division where it might have been brought."  In ruling on a transfer motion, a district
15 court weighs each of the factors listed in section 1404(a): (1) the convenience of parties; (2) the
16 convenience of witnesses; and (3) the interests of justice.  *Kasey v. Molybdenum Corp*., 408 F.2d
17 16, 20 (9th Cir. 1969).  "The basic factors to be considered then, in determining whether, on
18 balance, a transfer to a different forum would allow a case to proceed more conveniently and
19 better serve the interests of justice, are: (1) the plaintiff's choice of forum; (2) the convenience of
20 the parties; (3) the convenience of the witnesses; and (4) the interests of justice."  *Los Angeles*
21 *Mem. Coliseum Comm'n v. Nat'l Football League*, 89 F.R.D. 497, 499 (C.D. Cal. 1981), *aff'd*.
22 726 F.2d 1381 (9ths Cir. 1984).

23 In its balance of factors, a court properly may take into consideration the likelihood that an
24 unbiased jury might be empaneled in the district where the transfer motion is brought.  *E.g.*,
25 *Washington Pub. Utilities Group v. U.S. Dist. Court for Western Dist. Of Washington*, 843 F.2d
26 319, 327 (9th Cir. 1987) ("There is sufficient evidence in the record to support the district court's
27 finding that a jury in the Western District of Washington could not be fair and impartial in light of
28 the pervasive, prejudicial publicity and the jurors' financial interest in the outcome of the

3

action.").

**DISCUSSION**

In his motion, Plaintiff makes no argument that transfer is warranted for the convenience of the parties or witnesses. Indeed, he resides in this District and because the events relevant to Plaintiff's claim occurred in this District, in all likelihood, the convenience of witnesses is best served by litigating the case through trial in this District. This is a particularly relevant consideration in a prison case where the prospect of requiring correctional staff to travel long distances for trial "could jeopardize the safety of the prison and the community because of staffing shortages" at the impacted facility. *Brown v. State of Oregon, Dept. of Corr.*, 969 F. Supp. 1243, 1246 (D. Or. 1997).

Plaintiff's arguments in support of transferring this action invoke the "interests of justice" factor. *Washington Pub. Utilities Group*, 843 F.2d at 327. In short, Plaintiff asserts that transfer is warranted because the jury pool he anticipates being empaneled for his trial in this District will be biased for two reasons. First, a disproportionate number of jurors will have some "connection" to the correctional system in the District because of the purported heavy concentration of correctional facilities here. Second, much of the District is a purported "Republican stronghold noted for its conservative tough on crime" legislators. (Doc. 105 at 1-2.)

To begin with, "[j]ury pool members are presumed to be impartial." *Gotbaum v. City of Phoenix*, 617 F. Supp.2d 878, 882 (D. Ariz. 2008). "Parties are not entitled to jurors of a particular bent or persuasion. They are entitled only to jurors as fair and impartial as all human circumstances and an evenhanded selection process permits." *Los Angeles Mem. Coliseum Comm'n v. Nat'l Football League*, 726 F.2d 1381, 1401 (9th Cir. 1984). As such, "an unsubstantiated claim of jury bias … is insufficient to compel a district court to transfer a case." *Smith v. ABN AMRO Mortg. Group Inc.*, 434 Fed. Appx. 454, 465 (6th Cir. 2011) (unpub.).

Plaintiff's allegations about purported bias in the District's jury pool is conclusory and speculative. Having considered Plaintiff's choice of forum, the convenience of the parties and witnesses, and the unsupported allegations presented in Plaintiff's motion, the Court concludes that the interests of justice would not be best served by transferring this case to a different

District. Plaintiff will be able to ameliorate any perceived risk of juror bias through inquiry into the biases and prejudices of potential jurors during pretrial *voir dire* examination. *Brown*, 969 F. Supp. at 1246. *See McDonough Power Equip., Inc. v. Greenwood*, 464 U.S. 548, 554 (1984) ("Voir dire examination serves to protect [the right to a fair trial] by exposing possible biases, both known and unknown, on the part of potential jurors.").

**CONCLUSION AND ORDER**

Accordingly, it is HEREBY ORDERED, Plaintiff's motion to transfer venue (Doc. 105) is DENIED.

IT IS SO ORDERED.

Dated: **February 21, 2024**

_____
UNITED STATES MAGISTRATE JUDGE