UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT HACKWORTH, JR, <br><br> Plaintiff, <br><br> v. <br><br> E. AREVALOS, *et al.*, <br><br> Defendants. | Case No.: 1:19-cv-01362-KES-CDB (PC) <br><br> *AMENDED* SECOND SCHEDULING ORDER <br><br> **ORDER SETTING PRETRIAL CONFERENCE AND JURY TRIAL AND ASSOCIATED DEADLINES** <br><br> **Pretrial Conference:** 7/8/2024 at 10:30 a.m. <br><br> **Jury Trial:** 10/16/2024 at 8:30 a.m. |

Plaintiff Robert Hackworth, Jr., is a state prisoner proceeding pro se and *in forma pauperis* in this civil rights action filed under 42 U.S.C. § 1983. This action proceeds on Plaintiff's constitutional claims against Defendant Arevalos. (Doc. 89.)

**I.     INTRODUCTION**

On August 15, 2023, the undersigned conducted a settlement conference. (Doc. 99.) Plaintiff appeared without an attorney, and Deputy Attorney General Matthew Ross Wilson appeared for Defendant E. Arevalos. The case did not settle.

On August 17, 2023, the Court issued its Second Scheduling Order, setting this matter for a pretrial conference and jury trial before then-assigned District Judge Ana de Alba. (Doc. 100.)

On December 1, 2023, Chief Judge Kimberly J. Mueller issued an Order of Temporary Reassignment to No District Court Judge (NODJ), due to the elevation of Judge de Alba to the Ninth Circuit Court of Appeals. (Doc. 109.)

On March 5, 2024, Plaintiff filed a pretrial statement. (Doc. 111.)

The following day, Judge Mueller issued a minute order vacating the previously set pretrial conference and jury trial and related deadlines to be reset at a later date. (Doc. 112.)[1]

On March 14, 2024, Judge Mueller issued an Order of Reassignment, reassigning this action to District Judge Kirk E. Sherriff. (Doc. 113.)

Plaintiff filed an amended pretrial statement on March 15, 2024. (Doc. 114.)

On March 28, 2024, the Court issued its Order Directing Parties to Meet and Confer Regarding Resetting of Pretrial Conference and Trial Dates and to Submit a Proposed Stipulation Within Twenty-One (21) Days. (Doc. 115.) The parties were provided with potential dates for a pretrial conference and jury trial before Judge Sherriff. (*Id*. at 2-3.)

On April 17, 2024, the parties filed a Stipulation Regarding Pretrial Conference and Trial Dates. (Doc. 116.) Specifically, the parties indicated availability for a pretrial conference on June 10 or 24, 2024, and July 8 or 15, 2024, as well as availability for jury trial the weeks of October 14 and 28, 2024. (*Id.* at 1.) Plaintiff indicated a desire for a further settlement conference and Defendants indicated their previous settlement position was unchanged. (*Id*. at 2.)

Pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, the Court now sets a further schedule for this litigation.

**II.     PRETRIAL CONFERENCE AND PROCEDURES**

A pretrial conference is set for **July 8, 2024, at 10:30 a.m.,**[2] before District Judge Kirk E. Sherriff. The pretrial conference will be held in Courtroom 6 on the 7th Floor at the United States District Court for the Eastern District of California in Fresno. The Court will issue a writ

---

[1] A review of the docket for this action reveals Plaintiff was not served a copy of the minute order.

[2] The parties were originally advised that Judge Sherriff held pretrial conferences at 1:30 p.m. However, Judge Sherriff has since modified his calendaring preferences and pretrial conferences are now heard at 10:30 a.m.

of habeas corpus ad testificandum to allow for Plaintiff's attendance, as appropriate.

Plaintiff shall file a pretrial statement that complies with Local Rule 281 on or before **June 10, 2024**. Defendant shall file a pretrial statement on or before **June 17, 2024**. A copy of Defendant's statement shall also be emailed in Word format to KESorders@caed.uscourts.gov. The parties are advised that failure to file a pretrial statement as required by this Order may result in the imposition of appropriate sanctions, which may include dismissal of the action or entry of default.

In addition to the matters already required to be addressed in the pretrial statement in accordance with Local Rule 281, Plaintiff will be required to make a particularized showing in order to obtain the attendance of witnesses. The procedures, requirements, and deadlines for making such a showing are outlined in detail below. Plaintiff is advised that failure to comply with the procedures set forth below may result in the preclusion of any and all witnesses named in his pretrial statement.

At the trial of this case, Plaintiff must be prepared to introduce evidence to prove each of the alleged facts that support the claims raised in the lawsuit. In general, there are two kinds of trial evidence: (1) exhibits and (2) the testimony of witnesses. It is Plaintiff's responsibility to produce all of the evidence to prove his case, whether that evidence is in the form of exhibits or witness testimony. If Plaintiff wants to call witnesses to testify, he *must* follow certain procedures to ensure that the witnesses will be at the trial and available to testify.

    1.    <u>Procedures for Obtaining Attendance of Incarcerated Witnesses Who Agree to Testify Voluntarily</u>

An incarcerated witness who agrees voluntarily to attend trial to give testimony cannot come to court unless the Court orders the warden or other custodian to permit the witness to be transported to court.  The Court will not issue such an order unless it is satisfied that the prospective witness has actual knowledge of relevant facts.

A party intending to introduce the testimony of incarcerated witnesses who have agreed voluntarily to attend the trial must serve and file a written motion for a court order requiring that such witnesses be brought to court at the time of trial. The motion must: (1) state the name,

address, and prison identification number of each such witness; and (2) be accompanied by declarations showing that each witness is willing to testify and that each witness has actual knowledge of relevant facts. The motion should be entitled "Motion for Attendance of Incarcerated Witnesses."

The willingness of the prospective witness can be shown in one of two ways: (1) the party himself can swear by declaration under penalty of perjury that the prospective witness has informed the party that he or she is willing to testify voluntarily without being subpoenaed, in which declaration the party must state when and where the prospective witness informed the party of this willingness; or (2) the party can serve and file a declaration, signed under penalty of perjury by the prospective witness, in which the witness states that he or she is willing to testify without being subpoenaed.

The prospective witness's actual knowledge of relevant facts can be shown in one of two ways: (1) if the party has actual firsthand knowledge that the prospective witness was an eyewitness or an ear-witness to the relevant facts (e.g., if an incident occurred in Plaintiff's cell and, at the time, Plaintiff saw that a cellmate was present and observed the incident), the party himself can swear by declaration under penalty of perjury that the prospective witness has actual knowledge; or (2) the party can serve and file a declaration signed under penalty of perjury by the prospective witness in which the witness describes the relevant facts to which the prospective witness was an eye or ear witness. Whether the declaration is made by the party or by the prospective witness, it must be specific about the incident, when and where it occurred, who was present, and how the prospective witness happened to be in a position to see or to hear what occurred at the time it occurred.

        2.      <u>Procedures for Obtaining Attendance of Incarcerated Witnesses Who Refuse to Testify Voluntarily</u>

If a party seeks to obtain the attendance of incarcerated witnesses who refuse to testify voluntarily, the party should serve and file a written motion for a court order requiring that such witnesses be brought to court at the time of trial. Such motion should be in the form described above. In addition, the party must indicate in the motion that the incarcerated witnesses are not

willing to testify voluntarily.

The Court will review and rule on the motion(s) for attendance of incarcerated witnesses, specifying which prospective witnesses must be brought to court. Subsequently, the Court will issue the order necessary to cause the witness's custodian(s) to bring the witness to court.

Motions for the attendance of incarcerated witnesses, if any, must be filed as stand-alone filings on or before **May 27, 2024**. Oppositions, if any, must be filed on or before **June 10, 2024.**

3. <u>Procedures for Obtaining Attendance of Unincarcerated Witnesses Who Agree to Testify Voluntarily</u>

It is the responsibility of the party who has secured an unincarcerated witness's voluntary attendance to notify the witness of the time and date of trial. No action need be sought or obtained from the Court.

4. <u>Procedures for Obtaining Attendance of Unincarcerated Witnesses Who Refuse to Testify Voluntarily</u>

If a prospective witness is not incarcerated, and he or she refuses to testify voluntarily, the witness must be served with a subpoena. Fed. R. Civ. P. 45. In addition, the party seeking the witness's presence must tender an appropriate sum of money for the witness. *Id.* In the case of an unincarcerated witness, the appropriate sum of money is the daily witness fee of $40.00 plus the witness's travel expenses. 28 U.S.C. § 1821.

If Plaintiff wishes to obtain the attendance of one or more unincarcerated witnesses who refuse to testify voluntarily, Plaintiff must first notify the Court in writing of the name and location of each unincarcerated witness. The Court will calculate the travel expense for each unincarcerated witness and notify Plaintiff of the amount(s). Plaintiff must then, for each witness, submit a money order made payable to the witness for the full amount of the witness's travel expenses plus the daily witness fee of $40.00. The subpoena will not be served upon the unincarcerated witness by the United States Marshal unless the money order is tendered to the Court. Because no statute authorizes the use of public funds for these expenses in civil cases,

the tendering of witness fees and travel expenses is required even if the party was granted leave to proceed *in forma pauperis*.

If Plaintiff wishes to have the Marshal serve any unincarcerated witnesses who refuse to testify voluntarily, Plaintiff must submit the money orders to the Court no later than **June 10, 2024**. In order to ensure timely submission of the money orders, Plaintiff must notify the Court of the names and locations of his witnesses, in compliance with step one, on or before **May 27, 2024**.

The parties are advised that failure to file pretrial statements as required by this order may result in the imposition of appropriate sanctions, which may include dismissal of the action or entry of default.

5. Motions in Limine

Any party may file a motion in limine, which is a procedural mechanism to limit in advance testimony or evidence in a particular area. *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009) (quotation marks omitted). In the case of a jury trial, the Court's ruling gives Plaintiff and Defendant's counsel advance notice of the scope of certain evidence so that admissibility is settled before attempted use of the evidence before the jury. *Id.* at 1111–12 (quotation marks omitted).

Any motions in limine must be served and filed with the Court by **September 4, 2024**. Any motion in limine must clearly identify the nature of the evidence that the moving party seeks to prohibit the other side from offering at trial. Any opposition to a motion in limine must be served on the other party and filed with the Court by **September 18, 2024**. **No reply briefs shall be submitted by the parties.**

An order may be issued prior to trial resolving these motions. If the Court finds a hearing necessary or beneficial, it will set the matter for a hearing as appropriate.

**Whether or not a party files a motion in limine, that party may still object to the introduction of evidence during the trial.**

//

//

### III.     TRIAL DATE

This matter has been set for a jury trial before District Judge Kirk E. Sherriff on **October 16, 2024, at 8:30 a.m., in Courtroom 6 on the 7th Floor**.[3]

### IV.     EFFECT OF THIS ORDER

Any party unable to comply with the dates outlined in this order shall immediately file an appropriate motion or stipulation identifying the requested modification(s).

***The dates set in this order are firm and will not be modified absent a showing of good cause, even if a stipulation to modify is filed.*** Due to the impacted nature of the civil case docket, this Court disfavors requests to modify established dates.

Accordingly, **IT IS HEREBY ORDERED** that:

1. This matter is set for a pretrial conference before the Honorable Kirk E. Sherriff on **July 8, 2024**, **at 10:30 a.m., in Courtroom 6 on the 7th Floor** in Fresno;

2. This matter is set for jury trial before the Honorable Kirk E. Sherriff on **October 16, 2024, at 8:30 a.m., in Courtroom 6 on the 7th Floor** in Fresno;

3. Plaintiff shall serve and file a pretrial statement as described in this order on or before **June 10, 2024**;

4. Defendant shall serve and file a pretrial statement as described in this order on or before **June 17, 2024**;

5. In addition to electronically filing a pretrial statement, Defendant shall email the pretrial statement to: KESorders@caed.uscourts.gov;

6. If a party intends to call incarcerated witnesses at time of trial, the party shall serve and file a motion for attendance of incarcerated witnesses as described in this order on or before **May 27, 2024**;

7. The opposition to the motion for the attendance of incarcerated witnesses, if any, shall be filed on or before **June 10, 2024**;

8. If Plaintiff wishes to obtain the attendance of unincarcerated witnesses who

---

[3] Because October 14, 2024, is a federal holiday, pursuant to Judge Sherriff's Standing Order, trial will commence on the Wednesday following a Monday federal holiday.

7

|   |   |   |
|---|---|---|
| | | refuse to testify voluntarily, Plaintiff must notify the Court of their names and locations on or before **June 10, 2024**, and Plaintiff must submit the money orders, as described in subsection 4 of this Order, to the Court on or before **May 27, 2024**. |
| | 9. | Motions in limine, if any, shall be filed on or before **September 4, 2024**; |
| | 10. | Oppositions to motions in limine, if any, shall be filed on or before **September 18, 2024**; and |
| | 11. | The Clerk of the Court is directed to modify the docket in this action to reflect that Defendants B. Gamboa and M. Wright were terminated from this action on August 3, 2020, as Plaintiff's second amended complaint no longer named these individuals as defendants in this action (*see* Doc. 20; *see also* Docs. 26, 50), pursuant to Rule 10 of the Federal Rules of Civil Procedure and *Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012); and |
| | 12. | The Clerk of Court is also directed to send Plaintiff a copy of Local Rule 281. |

IT IS SO ORDERED.

Dated:  **April 22, 2024**

UNITED STATES MAGISTRATE JUDGE