UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT HACKWORTH,<br><br>        Plaintiff,<br><br>    v.<br><br>E. AREVALOS,<br><br>        Defendant. | Case No.: 1:19-cv-01362-KES-CDB<br><br>**ORDER GRANTING PLAINTIFF'S MOTIONS FOR ATTENDANCE OF INCARCERATED WITNESS**<br><br>(Docs. 119 & 121) |

**I.**  **INTRODUCTION**

The Court issued its Amended Second Scheduling Order on April 23, 2024. (Doc. 118.) Relevant here, the order specified the procedures for obtaining the attendance of incarcerated witnesses at trial who are willing to testify. (*Id*. at 2-3.)

On May 15, 2024, Plaintiff filed a document titled "Plaintiff Motion for Inmate Witness." (Doc. 119.) Defendant did not file an opposition to the motion.

On June 3, 2024, Plaintiff filed a document titled "Plaintiff Motion for Inmate Witness Andre L. Revis CDCR#V-97325." (Doc. 121.) Although the time for filing an opposition to this motion has not yet passed, the Court finds a response from Defendant to be unnecessary.

**II.**  **DISCUSSION**

Plaintiff's motions concern inmate witness Andre L. Revis. The Court presumes that because Defendant did not oppose Plaintiff's first motion, Defendant likewise has no opposition

to the second, duplicative motion. Thus, the Court construes both motions to be unopposed.

Briefly stated, Plaintiff requests the Court order that Andre L. Revis, CDCR #V-97325, incarcerated at Kern Valley State Prison, be transported to trial in this matter. He contends Revis is both an eye and ear witness to the incident of March 1, 2018. More specifically, that Revis observed and heard Plaintiff's interaction with Defendant Arevalos as Revis stood at his cell door. Plaintiff declares that Revis was also present when Plaintiff was attacked on November 14, 2018, by other inmates and purportedly at Arevalos's direction. Plaintiff maintains Revis's testimony is relevant and important to his case. Plaintiff further declares that Revis told Plaintiff he would be willing to voluntarily testify about what he saw and heard. (Docs. 119, 121.)

"The determination whether to issue a writ of habeas corpus ad testificandum rests within the sound discretion of the district court." *Cummings v. Adams*, No. CV F 03 5294 DLB, 2006 WL 449095, at *3 (E.D. Cal. Feb. 21, 2006). In determining whether to grant a motion for the attendance of incarcerated witnesses, the Court considers the following factors: (1) whether the inmate's presence will substantially further the resolution of the case, (2) the security risks presented by the inmate's presence, (3) the expense of transportation and security, and (4) whether the suit can be stayed until the inmate is released without prejudice to the cause asserted. *Wiggins v. County of Alameda*, 717 F.2d 466, 468 n.1 (9th Cir. 1983).

Plaintiff has provided inmate Revis's full name, address, and prison identification number. Further, Plaintiff has established by his declaration under penalty of perjury that Revis has informed Plaintiff he is willing to testify voluntarily without being subpoenaed. And Plaintiff has sworn under penalty of perjury that Revis is an eye and ear witness, describing the relevant facts specific to the incident at issue, when and where it occurred, who was present and how Revis was in a position to see or hear what occurred at the time it occurred. Plaintiff has complied with the procedures outlined in the Court's scheduling order for obtaining the attendance of an incarcerated witness who is willing to testify.

Further, this Court finds that Revis's presence will substantially further resolution of the case given Plaintiff's declaration that Revis is an eye and ear witness. Moreover, nothing suggests Revis presents a particular security concern or that the expense of transportation and security are

prohibitive. Lastly, the Court finds a stay would be prejudicial to Plaintiff given the age of this case and the fact the California Incarcerated Records and Information Search (CIRIS) tool reflects Revis is not eligible for parole until July 2029. *Wiggins*, 717 F.2d at 468 n.1.

In sum, for the reasons stated above, Plaintiff's motions will be granted.[1]

### III.     CONCLUSION AND ORDER

Accordingly**, IT IS HEREBY ORDERED** that:

1. Plaintiff's motions for the attendance of incarcerated witness Andre L. Revis, CDCR # V-97325 (Docs. 119, 121), are **GRANTED**;

2. A writ of habeas corpus ad testificandum to have Andre L. Revis brought to Court to testify at trial will issue in due course.

IT IS SO ORDERED.

Dated:   **June 12, 2024**

UNITED STATES MAGISTRATE JUDGE

---

[1] In ruling on the motions, this Court is not making any evidentiary rulings. Nothing in this order prevents Defendant from raising objections to the testimony of Revis at trial or in an appropriate pretrial motion.