UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT HACKWORTH,<br><br>        Plaintiff,<br><br>    v.<br><br>E. AREVALOS,<br><br>        Defendant. | Case No.: 1:19-cv-01362-KES-CDB<br><br>**TENTATIVE PRETRIAL ORDER**<br><br>Deadlines:<br><br>Objections to pretrial order: **July 23, 2024**<br><br>Motion in Limine Filing: **September 4, 2024**<br>Oppositions: **September 18, 2024**<br><br>Proposed Jury Instructions, Verdict Forms, and Voir Dire: **September 25, 2024**<br>Objections: **October 2, 2024**<br><br>Exhibits due to Court: **October 10, 2024**<br><br>Jury trial:  **October 16, 2024, at 8:30 a.m.**, Courtroom 6 |

On July 8, 2024, the court conducted a final pretrial conference.  Plaintiff Robert Hackworth appeared pro se.  Matthew Ross Wilson appeared as counsel for defendant E. Arevalos.  This matter is set for a jury trial on October 16, 2024, at 8:30 a.m. in Courtroom 6 before District Judge Kirk E. Sherriff.  Having considered the parties' pretrial statements and views, the court issues this tentative pretrial order.

Plaintiff is a state prisoner proceeding pro se and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983.  This action is set for trial on plaintiff's claims

against defendant alleging First Amendment retaliation and Eighth Amendment failure to protect from a serious risk of harm.

I.      JURISDICTION/ VENUE

        Jurisdiction is predicated on 28 U.S.C. §§ 1331 and 1343.  Jurisdiction is not contested. The events at issue took place in Kern County, California.  Accordingly, venue is proper pursuant to 28 U.S.C. § 1391(b).  Venue is also not contested.

II.     JURY TRIAL

        Both parties demand a jury trial.  The jury will consist of eight jurors.

III.    UNDISPUTED FACTUAL ISSUES[1]

        1.   Plaintiff was in the custody of the California Department of Corrections and
             Rehabilitation (CDCR) and was incarcerated at the Substance Abuse Treatment
             Facility (SATF) at all times relevant to this lawsuit.

        2.   Defendant was employed as a correctional officer at SATF at all times relevant to this
             lawsuit.

        3.   On March 1, 2018, defendant was working as the control booth officer in plaintiff's
             housing unit.

        4.   On March 1, 2018, the warehouse manager at the prison called plaintiff's housing unit
             to discuss with him a package that plaintiff ordered which was missing.  Defendant
             was the officer who took the phone call from the warehouse manager concerning
             plaintiff's 602 grievance, filed that day, regarding the missing package.

        5.   Defendant claimed that later that same day, March 1, 2018, plaintiff committed
             indecent exposure.  Defendant charged plaintiff on March 1, 2018, with a rule
             violation for indecent exposure.

        6.   Plaintiff was subsequently kept in the IEX (Indecent Exposure) program for 129 days.

        7.   On March 16, 2018, CDCR referred plaintiff to the county district attorney based on the
             alleged indecent exposure.

---

[1] In plaintiff's pretrial statement, some of the assertions he lists as undisputed facts appear to be disputed by defendant.  Certain of plaintiff's assertions are included here as undisputed facts; the others are listed below in the disputed facts section.

1    8.  The district attorney declined to charge plaintiff.

2    9.  On May 10, 2018, CDCR found the rule violation against plaintiff for alleged indecent

3        exposure was unproven.

4    10. On November 14, 2018, plaintiff was involved in a physical altercation with two other

5        inmates.

6    IV.    DISPUTED FACTUAL ISSUES

7    Plaintiff identifies the following disputed factual issues:

8    1.  Whether plaintiff and defendant had an argument on March 1, 2018, after defendant

9        hung up the phone after talking to the warehouse manager regarding plaintiff's 602

10       grievance involving the missing package.

11   2.  On March 1, 2018, after the hearing on plaintiff's grievance regarding the missing

12       package wherein plaintiff agreed to have the package resent, defendant stated to

13       plaintiff that she "should have that one sent back [too]" and plaintiff replied to

14       defendant "I'll 602 your fat ass."

15   3.  After plaintiff told defendant he would "602 her fat ass," defendant then falsely

16       accused plaintiff of masturbating to her on March 1, 2018.

17   4.  Defendant's accusation was made in retaliation for plaintiff telling defendant he would

18       "602 her fat ass."

19   5.  Defendant told Officer Lara that she thought plaintiff was masturbating.

20   6.  On March 1, 2018, plaintiff was removed from the general population yard and placed

21       in administrative segregation because defendant falsely accused plaintiff of

22       masturbating to her that day.

23   7.  Plaintiff was placed in a sex offender IEX program as a result of defendant's false

24       claim against him on March 1, 2018.

25   8.  Defendant subsequently changed her story to the investigator on May 8, 2018.

26   9.  Plaintiff was kept in the IEX program for 129 days due to defendant's false claim

27       made in retaliation for plaintiff's statement to defendant that he would "602 her fat

28       ass."

10. Plaintiff was jumped and battered and stabbed by other inmates on November 14, 2018, because of defendant's false claim made in retaliation that plaintiff masturbated to her on March 1, 2018.

11. Inmate Andre L. Revis has information about the argument between plaintiff and defendant that occurred on March 1, 2018.

12. Plaintiff never masturbated toward defendant.

13. Plaintiff never made the statement that Sergeant Brainard placed in his 837 report.

Defendant identifies the following disputed factual issues:

1. Whether plaintiff had an argument with defendant on March 1, 2018, and threatened to file an inmate grievance based on the argument.

2. Whether plaintiff engaged in indecent exposure.

3. Whether defendant charged plaintiff with indecent exposure in retaliation for plaintiff's threatening to submit a grievance.

4. Whether plaintiff was attacked on November 14, 2018, because defendant informed inmates that plaintiff had masturbated to her.

5. The scope and extent of any alleged injuries suffered by plaintiff.

6. Whether plaintiff sustained any compensable damages.

V.    DISPUTED LEGAL ISSUES

None listed.

VI.    DISPUTED EVIDENTIARY ISSUES

Plaintiff identifies the following evidentiary issues:

1. Any 115 (rule violation) forms that date back five years before 2018.

2. The admissibility of the transcript of plaintiff's deposition. Plaintiff asserts that he never got a chance to correct any mistakes by the transcriber, and he asserts these issues should be addressed in a motion in limine.

Defendant states she is unaware of any disputed evidentiary issues.

///
///

4

VII.   <u>MOTIONS IN LIMINE</u>

The purpose of a motion in limine is to establish in advance of the trial that certain evidence should or should not be admitted at trial.  The court will grant a motion in limine precluding use of evidence only if the moving party establishes that the evidence clearly is not admissible for any valid purpose. The court does not encourage the filing of motions in limine unless they are addressed to issues that can realistically be resolved by the court prior to trial and are not contingent upon other evidence which will be introduced by the parties at trial.

In advance of filing any motion in limine, counsel SHALL meet and confer to determine whether they can resolve any disputes and avoid filing motions in limine.

Any motions in limine the parties intend to file must be filed with the court no later than **September 4, 2024**.  The motion must clearly identify the nature of the evidence that the moving party seeks to have admitted or seeks to prohibit the other side from offering at trial.  Any opposition to the motion must be served on the other party and filed with the court no later than **September 18, 2024**.  After reviewing the motions and any opposition briefs, the court will notify the parties if a reply brief is necessary.  As such, parties shall <u>not</u> file any reply briefs without court approval.  The court will also notify the parties if it will hear argument on any motions in limine prior to the first day of trial.  The parties are reminded they may still object to the introduction of evidence during trial.

VIII.   <u>SPECIAL FACTUAL INFORMATION</u>

Special factual information pursuant to Local Rule 281(b)(6) is applicable to this action.  Neither party provided a response regarding this section.  The court provides the following summary based on the parties' pretrial statements and the pleadings in this case:

> Plaintiff alleges that on March 1, 2018, he and defendant argued and plaintiff threatened to file a grievance against defendant. Plaintiff further alleges that, also on March 1, 2018, defendant falsely alleged that plaintiff committed indecent exposure later that day.  Defendant charged plaintiff with a rule violation for indecent exposure.  Plaintiff was subsequently kept in the IEX (Indecent Exposure) program for approximately 129 days.  Ultimately, CDCR found the rule violation for alleged indecent exposure was unproven.  Defendant maintains that plaintiff committed indecent exposure, denies making a false claim regarding plaintiff, and denies that she retaliated against him.

On November 14, 2018, plaintiff was involved in a physical altercation with two other inmates.  Plaintiff alleges that he was attacked by other inmates on November 14, 2018, because of defendant's claim that plaintiff had committed indecent exposure.  Defendant denies that she is responsible for the altercation between plaintiff and other inmates on November 14, 2018.

Plaintiff argues that defendant retaliated against him based on plaintiff's exercise of his First Amendment right to make a grievance, and that defendant also violated a duty under the Eighth Amendment to protect him from a serious risk of harm.  Defendant denies retaliating against plaintiff and maintains that she complied with the duty to protect plaintiff.

IX.   RELIEF SOUGHT

**1.  Plaintiff**

Plaintiff seeks $525,000 in compensatory damages and $125,000 in punitive damages.

**2.  Defendant**

Defendant seeks judgment in her favor and an award of costs.

X.   POINTS OF LAW

The claims and defenses arise under federal law.  Plaintiff's claims are brought solely against defendant Arevalos.

(1) The elements of, standards for, and burden of proof in a cause of action under 42 U.S.C. § 1983 for retaliation based on the exercise of a First Amendment right to file a grievance.

(2) The elements of, standards for, and burden of proof in a cause of action for failure to protect under the Eighth Amendment pursuant to 42 U.S.C. § 1983.

(3) The elements of, standards for, and burden of proof for an award of punitive damages.

(4) The elements of, standards for, and burden of proof for the affirmative defense of qualified immunity.

**1.  Plaintiff's additional points of law**

Plaintiff provides the following additional points of law:

*Rangolan v. County of Nassau*, 370 F.3d 239, 245-47 (2d Cir. 2004) (affirming $300,000

for past pain and suffering); and *Mathie v. Fries*, 121 F.3d 808, 813-17 (2d Cir. 1997) ($250,000 compensatory and $200,000 punitive damages for course of sexual abuse by jail official). Doc. 122 at 4.  Plaintiff alleges:  "Here in plaintiff['s] case these two case[s] [are] what defendant did to plaintiff (1) defendant lie[d] [about] plaintiff to get plaintiff charged with a sex offense which amounts to sexual abuse by a jail official[,] (2) Defendant told other inmates that plaintiff had masturbated to her [to] get plaintiff beat[en] & stab[bed] in the face."  *Id.*

Plaintiff also cites to *Surprenant v. Rivas*, 424 F.3d 5, 12 (1st Cir. 2005) (noting jury award of punitive damages of $5500 for accusing officer and $15,000 for hearing officer in case of trumped-up disciplinary charge).  He alleges:  "Here this is [exactly] what happen[ed] in this case before the court."  *Id.*

### 2.  Defendant's additional points of law

Defendant provides the following additional points of law:

#### a.  Retaliation Claim

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a § 1983 claim.  *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985); *see also Valandingham v. Bojorquez*, 866 F.2d 1135 (9th Cir. 1989); *Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir. 1995).  "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements; (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."  *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005).  A plaintiff bears the burden of pleading and proving the absence of legitimate correctional goals for the conduct of which he complains.  *Id.*; *Pratt*, 65 F.3d at 806 (noting that a prisoner's First Amendment rights are necessarily curtailed for legitimate correctional reasons).

#### b.  Failure to Protect Claim

The Eighth Amendment requires prison officials to take reasonable measures to guarantee prisoner safety.  *Farmer v. Brennan*, 511 U.S. 825, 832 (1994).  That includes a duty to protect prisoners from violence at the hands of other prisoners.  *Id.* at 833.

1    While prison officials have a duty to protect prisoners from violence at the hands of other

2    prisoners, not "every injury suffered by one prisoner at the hands of another . . . translates into

3    constitutional liability for prison officials responsible for the victim's safety." *Farmer*, 511 U.S.

4    at 833.  "[A] prison official cannot be found liable under the Eighth Amendment for denying an

5    inmate humane conditions of confinement unless the official knows of and disregards an

6    excessive risk to inmate health or safety; the official must both be aware of facts from which the

7    inference could be drawn that a substantial risk of serious harm exists, and he must also draw the

8    inference." *Id*. at 837.

9    When a prisoner seeks to hold a prison employee individually liable because another

10   prisoner attacked him, the prisoner must establish individual fault.  *Leer v. Murphy*, 844 F.2d 628,

11   634 (9th Cir. 1988).  In other words, a plaintiff must submit sufficient evidence from which a

12   reasonable jury could conclude that the officer's deliberate indifference was the actual and

13   proximate cause of the deprivation of Eighth Amendment rights.  *Id*.  There must be evidence

14   from which a jury could reasonably infer that the defendant knowingly failed to protect plaintiff

15   from a serious risk harm where the defendant had a reasonable opportunity to intervene.

16              c.   Qualified Immunity

17   Qualified immunity protects government officials from damages in a civil action unless

18   Plaintiff shows that the defendant's conduct violates "clearly established statutory or constitutional

19   rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818

20   (1982). In determining a claim of qualified immunity, the court determines whether the defendant's

21   conduct violated a constitutional right, and if so, whether the right was clearly established. *Saucier v.*

22   *Katz*, 533 U.S. 194, 201 (2001); *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). The court may make

23   this inquiry in any order it deems suitable to the case. *Pearson*, 555 U.S. at 231. "The relevant,

24   dispositive inquiry in determining whether a right is clearly established is whether it would be clear to

25   a reasonable officer that his conduct was unlawful in the situation he confronted." *Saucier*, 533 U.S.

26   at 202.

27              d.   Damages

28                   i.   Compensatory Damages

8

To recover compensatory damages, a plaintiff must prove that a violation of his constitutional rights actually caused him injury. *Carey v. Piphus*, 435 U.S. 247, 263 (1978). Plaintiff also had a duty to mitigate his damages, if any.

### ii.   Punitive Damages

Plaintiff cannot recover punitive damages unless he demonstrates a defendant's conduct was malicious, oppressive or in reckless disregard of his rights. NINTH CIRCUIT CIVIL JURY INSTRUCTION No. 5.5; *see Smith v. Wade,* 461 U.S. 30, 56 (1983).  Plaintiff must prove more than that the defendant may have acted in an objectively unreasonable manner; the defendant's subjective state of mind must be assessed. *Wulf v. City of Wichita*, 883 F.2d 842, 867 (10th Cir. 1989).  He must show the conduct was accompanied by ill will or spite; was undertaken for the sole purpose of injuring the Plaintiff or with complete indifference to the Plaintiff's safety or rights; or that the conduct violated Plaintiff's rights with unnecessary harshness or severity. NINTH CIRCUIT CIVIL JURY INSTRUCTION No. 5.5. Where plaintiff presents no evidence that a § 1983 defendant acted with evil intent, then he has no legal right to recover punitive damages. *Ward v. City of San Jose*, 967 F.2d 280, 286 (9th Cir. 1991).

### e.   Impeachment by Prior Felony Conviction

In the event plaintiff testifies at trial, the jury is entitled to consider his credibility.  Rule 609 of the Federal Rules of Evidence provides that evidence of a witness's prior felony conviction may be used to impeach that witness's testimony.  *See United States v. Bernal-Obeso*, 989 F.2d 331, 336 (9th Cir. 1993) ("As any trial lawyer knows, felony convictions trench heavily upon such a person's credibility").  *See also* NINTH CIRCUIT CIVIL JURY INSTRUCTION No. 2.9 (Impeachment evidence).

**ANY CAUSES OF ACTION OR AFFIRMATIVE DEFENSES NOT EXPLICITLY ASSERTED IN THE PRETRIAL ORDER UNDER POINTS OF LAW AT THE TIME IT BECOMES FINAL ARE DISMISSED AND DEEMED WAIVED.**

XI.   <u>ABANDONED ISSUES</u>

None.[2]

---

[2] Plaintiff states that his claims against L.T. Sthol and Sgt. Brainard are abandoned.  These defendants were dismissed from the action on December 30, 2022, after the court granted their motion for summary judgment for failure to exhaust administrative remedies.  *See* Doc. 89.

1   XII.   WITNESSES

2         Plaintiff's witnesses shall be those listed in **Attachment A**.[3]  Defendant's witnesses shall

3   be those listed in **Attachment B**.  Each party may call any witness designated by the other.

4   Plaintiff timely moved for the appearance of witness Andre Rivas (Docs. 119, 121), and the court

5   granted plaintiff's motion (Doc. 123).

6         **The court does not allow undisclosed witnesses to be called for any purpose, including**

7   **impeachment or rebuttal, unless they meet the following criteria**:

8         a.     The party offering the witness demonstrates that the witness is for the purpose of

9   rebutting evidence that could not be reasonably anticipated at the pretrial conference, or

10        b.     The witness was discovered after the pretrial conference and the proffering party

11  makes the showing required in paragraph c, below.

12        c.     Upon the post pretrial discovery of any witness a party wishes to present at trial, the

13  party shall promptly inform the court and opposing parties of the existence of the unlisted witnesses

14  so the court may consider whether the witnesses shall be permitted to testify at trial. The witnesses

15  will not be permitted unless:

16              i.   The witness could not reasonably have been discovered prior to the discovery

17                   cutoff;

18              ii.  The court and opposing parties were promptly notified upon discovery of the

19                   witness;

20              iii. If time permitted, the party proffered the witness for deposition; and

21              iv.  If time did not permit, a reasonable summary of the witness's testimony was

22                   provided to opposing parties.

23  ///

24  ///

25

26  [3] In his pretrial statement, plaintiff identifies the following witnesses: Inmate Andre L. Revis; PJ
    Mejia, MSS II; Officer Lara; Officer G. Alvarez; and L.T. J. Amaya.  Doc. 122 at 4.  Plaintiff
27  timely moved for the appearance of witness Revis, which the court granted.  *See* Doc. 123.
    Plaintiff did not move for the appearance of the remaining witnesses as required by the amended
28  second scheduling order and the deadline to do so has passed.  *See* Doc. 118.

10

XIII.   <u>EXHIBITS, SCHEDULES, AND SUMMARIES</u>

    a. **Exhibit Lists**

       The parties shall file their exhibit lists by **October 2, 2024**.

    b. **Exhibits**

       Plaintiff's exhibits are listed in **Attachment C**.  Defendant's exhibits are listed in **Attachment D**.

       The parties shall serve one (1) copy of their trial exhibits on the other party by no later than **September 25, 2024**.  Objections to exhibits shall be filed on or before **October 2, 2024.**  In making any objection, the party is to set forth the grounds for the objection.  If there is no objection to an exhibit, no further foundation will be required for it to be received into evidence.

       The parties' exhibits shall be marked as follows:

    1.    Joint exhibits shall be identified as "JX" and listed numerically (e.g., JX-1, JX-2).

    2.    Plaintiff's exhibits shall be pre-marked and numbered numerically (e.g., Ex. 1, Ex. 2).

    3.    Defendant's exhibits shall be pre-marked and numbered alphabetically (e.g., Ex. A, Ex. B).

       Defense counsel shall prepare three (3) separate exhibit binders for use by the court, with a side tab identifying each exhibit in accordance with the specifications above.  Each binder shall have an identification label on the front and spine.  The exhibit binders, along with exhibit lists, shall be submitted to **Courtroom Deputy Victoria Gonzales no later than October 10, 2024**.

    c. **Use of Undisclosed Exhibits**

       **The court will not admit exhibits other than those identified on the exhibit lists referenced above unless:**

       1.    The party proffering the exhibit demonstrates that the exhibit is for the purpose of rebutting evidence that could not have been reasonably anticipated, or

       2.    The exhibit was discovered after the issuance of this order and the proffering party makes the showing required in paragraph a, below.

          a.    Upon the discovery of exhibits after the discovery cutoff, a party shall

11

promptly inform the court and opposing parties of the existence of such exhibits by filing a notice on the docket so that the court may consider their admissibility at trial. The exhibits will not be received unless the proffering party demonstrates:

    i. The exhibits could not have reasonably been discovered earlier;

    ii. The court and the opposing parties were promptly informed of their existence; and

    iii. The proffering party forwarded a copy of the exhibits (if physically possible) to the opposing party. If the exhibits may not be copied, the proffering party must show that it has made the exhibits reasonably available for inspection by the opposing party.

## XIV.   DISCOVERY DOCUMENTS

The following is a list of discovery documents that the parties expect to offer at trial.

**NO DISCOVERY DOCUMENT, OTHER THAN THOSE LISTED IN THIS SECTION, MAY BE ADMITTED UNLESS THE PARTIES STIPULATE OR UPON A SHOWING THAT THIS ORDER SHOULD BE MODIFIED TO PREVENT "MANIFEST INJUSTICE."** Fed. R. Civ. P. 16(e); Local Rule 281(b)(12).

    **a.   Plaintiff's Proposed Discovery to be Proffered at Trial**

        E. Arevalos's Response to Plaintiff's Request for Admissions, Set One

        E. Arevalos's Response to Plaintiff's Request for Admissions, Set Two

    **b.   Defendant's Proposed Discovery to be Proffered at Trial**

        Plaintiff's deposition.  The docket reflects a notice of lodging of plaintiff's deposition (Doc. 78), but the court has no record the transcript was received (*see* docket). Defense counsel must lodge with the Clerk of Court no later than **October 2, 2024,** plaintiff's deposition transcript to be used at trial.

## XV.   FURTHER DISCOVERY OR MOTIONS

No further discovery is sought by either party.  Defendant states she will move for dismissal under Rule 50 of the Federal Rules of Civil Procedure at the close of plaintiff's case and

1    at the close of evidence, if appropriate.

2    XVI.   STIPULATIONS

3          The parties confirmed at the pretrial conference that they are willing to stipulate as to the

4    authenticity of CDCR documents to avoid the need for testimony at trial from custodians of

5    records.

6    XVII.  AMENDMENTS/DISMISSALS

7          None.

8    XVIII. SETTLEMENT

9          The parties participated in settlement conferences on August 24, 2021, and August 15,

10   2023.  Both resulted in an impasse.  The parties indicated at the pretrial conference that a further

11   settlement conference may be useful.  Accordingly, the assigned magistrate judge will set a

12   settlement conference in this case.

13   XIX.   JOINT STATEMENT OF THE CASE

14         The parties did not provide a joint statement of the case.  The court has drafted the following

15   neutral statement of the case to be read to the prospective jurors:

16              Plaintiff claims that, following a verbal dispute between plaintiff
                and defendant in which plaintiff threatened to file a grievance
17              against defendant, defendant retaliated against him by filing a
                false report alleging plaintiff committed indecent exposure.
18              Plaintiff also claims that defendant leaked the false allegation of
                indecent exposure to inmates, which led to inmates assaulting
19              plaintiff.  Plaintiff claims that defendant retaliated against him in
                violation of his First Amendment right to make a grievance, and
20              that defendant violated her Eighth Amendment duty to protect
                plaintiff from a serious risk of harm.  Defendant denies that she
21              made a false report regarding plaintiff and denies retaliating
                against plaintiff.  Defendant also maintains that she was not
22              responsible for the inmate attack on plaintiff and that she
                complied with the duty to protect plaintiff.
23

24   XX.    SEPARATE TRIAL OF ISSUES

25         Defendant requests that the trial be bifurcated, with the issue of punitive damages being

26   tried separately, if necessary, following resolution of the liability phase.  The trial will be

27   bifurcated with respect to the amount of punitive damages, if necessary.  Should a jury find

28   punitive liability in the first phase of the trial, the trial will proceed to a second phase which will

consist of any evidence and argument with respect to the appropriate amount of punitive damages.  The parties may not present evidence regarding the amount of punitive damages until the second phase of the trial.

XXI.   IMPARTIAL EXPERTS/LIMITATIONS OF EXPERTS

None.

XXII.   ATTORNEYS' FEES

Plaintiff, who is proceeding pro se, is not entitled to attorney's fees.  *Kay v. Ehrler*, 499 U.S. 432, 435 (1991).  Defendant will seek an award of attorney's fees and costs as appropriate.

XXIII.   TRIAL PROTECTIVE ORDER AND REDACTION OF TRIAL EXHIBITS

Special handling of prison records and photographs may be appropriate as to any confidential information where disclosure may compromise the safety and security of the institution, staff, or other inmates.

If defendant is required to disclose information concerning her financial status, she will request that the court issue a protective order concerning this information, under Local Rule 141.1(b)(2).

XXIV. MISCELLANEOUS

None.

XXV.   ESTIMATED TIME OF TRIAL/TRIAL DATE

Jury trial is set for **October 16, 2024**, at 8:30 a.m. in Courtroom 6 before District Judge Kirk E. Sherriff.  Trial is anticipated to last 3-4 days.  Defense counsel is directed to call Victoria Gonzales, courtroom deputy, at (559) 499-5676, one week prior to trial to ascertain the status of the trial date and to communicate this information to the litigation coordinator at the institution where plaintiff resides.

XXVI. PROPOSED JURY VOIR DIRE, JURY INSTRUCTIONS, AND VERDICT FORM

    a.    **Proposed Jury Voir Dire**

        i.    The parties shall file any proposed jury voir dire by **September 25, 2024**. Each party will be limited to twenty minutes of jury voir dire, unless they show good cause for additional time.

14

b.    **Proposed Jury Instructions and Proposed Jury Verdict Form**

    i.    **The court directs the parties to meet and confer, if possible, to generate a joint set of jury instructions and a joint verdict form.**  The parties shall file any such joint set of instructions by **September 25, 2024**, identified as "Joint Jury Instructions."  The parties shall file any agreed upon verdict form as "Joint Proposed Verdict Form."  If the parties cannot agree upon certain specific jury instructions and/or the verdict form, defendant shall file proposed jury instructions and a proposed verdict form as provided in Local Rule 163 by **September 25, 2024**.  Plaintiff is not required to file proposed jury instructions or a proposed verdict form, but if he wishes to do so, he must file them by **September 25, 2024**.

    ii.    The parties shall indicate on any proposed jury instructions or proposed verdict form the party submitting the proposed instructions or verdict form (i.e., joint, plaintiff's, or defendant's).

    iii.    The parties shall also include on all proposed jury instructions the following:

        a.    The number of the proposed instruction in sequence.

        b.    A brief title for the instruction describing the subject matter.

        c.    The complete text of the instruction.

        d.    The legal authority supporting the instruction.

        e.    The parties shall, by italics or underlining, designate any modification from statutory or case authority, or any pattern or form instruction, or any other source of pattern instructions.

        f.    The parties must specifically state the modification made to the original form instruction and the legal authority supporting the modification.

        g.    All blanks in form instructions should be completed and all brackets removed.

iv.  Ninth Circuit Model Jury Instructions shall be used where the subject of the instruction is covered by the model instructions, including for all standard instructions.  State model jury instructions, such as BAJI or CACI instructions, shall be used where applicable as to state law claims.  The parties shall designate, by italics or underlining, any proposed modification of instructions from any pattern instruction, such as the Ninth Circuit Model Civil Jury Instructions or other pattern instructions, or from statutory or case authority.  The parties must specifically state the modification made to the standard instruction and the legal authority supporting the proposed modification.  All instructions shall be short, concise, understandable, neutral, and accurate statements of the law.  Argumentative instructions will not be given and must not be submitted.

v.  Defendant shall e-mail a copy of all proposed jury instructions and any proposed verdict form, whether agreed or disputed, other than a jury instruction or verdict form proposed solely by plaintiff, as a Word document to kesorders@caed.uscourts.gov no later than **September 25, 2024**.

c.  **Objections to proposed jury instructions**

i.  The parties must file any objections to proposed jury instructions by **October 2, 2024**.  Each objection shall identify the challenged instruction and shall provide a concise explanation of the basis for the objection along with citation of authority. When applicable, the objecting party shall submit an alternative proposed instruction on the issue or identify which of his or her own proposed instructions covers the subject.

XXVII. TRIAL BRIEFS

The parties are relieved of their obligation under Local Rule 285 to file a trial brief. If any party wishes to file a trial brief, they must do so by **September 25, 2024**.

XXVIII. <u>USE OF ELECTRONIC EQUIPMENT IN COURTROOM</u>

The electronic equipment and resources available for this trial may differ from the equipment and resources available in other courtrooms and may even differ from the equipment and resources available in this courtroom at another time.  It is the responsibility of the parties to familiarize themselves with the equipment and resources available for use in this trial prior to the commencement of trial.  If any party is unfamiliar with the equipment and resources available for use in this trial, that party may be ordered to proceed without the aid of such equipment and resources and/or may be sanctioned for any fees, costs, or expenses associated with any delay.

XXIX. OBJECTIONS TO TENTATIVE PRETRIAL ORDER

The parties must file objections, if any, to this Tentative Pretrial Order by **July 23, 2024**. The parties may file a response to the other party's objections by **July 30, 2024**.  If no objections are filed, this order will become final without further order of this court.  The parties are reminded that pursuant to Rule 16(e) of the Federal Rules of Civil Procedure and Local Rule 283 of this court, this pretrial order will control the subsequent course of this action and shall be modified only to prevent manifest injustice.

XXX.  <u>COMPLIANCE WITH PRETRIAL ORDER</u>

Strict compliance with this order and its requirements is mandatory.  The court will enforce the requirements of this pretrial order, and counsel and parties are subject to sanctions for failure to comply fully with this order and its requirements.  The court will modify the pretrial order "only to prevent manifest injustice."  Fed. R. Civ. P. 16(e).  The court ADMONISHES the parties and counsel to obey the Federal Rules of Civil Procedure, the Local Rules, and the court's orders.  Failure to do so will make the parties and/or counsel subject to sanctions.

IT IS SO ORDERED.

Dated:   July 9, 2024

UNITED STATES DISTRICT JUDGE

**ATTACHMENT A: Plaintiff's Witnesses**

<u>Percipient Witnesses</u>

1.     Plaintiff Hackworth

2.     Andre L. Revis, CDCR No. V-97325, c/o Kern Valley State Prison

1

**ATTACHMENT B: Defendant's Witnesses**

2

3    Percipient Witnesses

4    1.      Defendant Arevalos

5    2.      Correctional Officer Lara

6    3.      Lieutenant Brainard

7    4.      Lieutenant Stohl

8    5.      Officer Knight

9    6.      Licensed Vocational Nurse Smith

10   7.      Custodian of records regarding central and medical files

11   8.      Plaintiff Robert Hackworth

12   9.      Dr. Patel

13

14   Expert Witness

15   1.      Dr. Patel

16

17

18

19

20

21

22

23

24

25

26

27

28

1   **ATTACHMENT C: Plaintiff's Exhibits**

2   1.   CDCR Form 602, concerning missing package, SATF-C-18-740 (Exhibit 1, Doc. 122

3        at 9–12)

4   2.   CDCR Form 602, concerning retaliation by Arevalos, SATF-Z-18-1390 (Exhibit 2,

5        Doc. 122 at 14–22)

6   3.   Administrative Segregation Unit Placement dated March 1, 2018, signed by D. Stohl

7        (Exhibit 3, Doc. 122 at 24)

8   4.   CDCR Forms 115 and 837 authored by Arevalos (Exhibit 4, Doc. 122 at 26–27)

9   5.   Administrative Segregation Unit lock up order dated March 5, 2018 (Exhibit 5, Doc. 122

10       at 29)

11  6.   Disciplinary Hearing Results, by Lt. Amaya (Exhibit 6, Doc. 122 at 31–39)

12  7.   Investigative Report, by Officer Alvarez dated May 8, 2018 (Doc. 122 at 41–42)

13  8.   Crime/Incident Report by Officer Lara (Doc. 122 at 40)

14  9.   CDCR Form 602, CSP-Corcoran 18-2912 (Exhibit 7, Doc. 122 at 44–49)

15  10.  Indecent Exposure Pilot Program at California State Prison, Corcoran Memorandum dated

16       November 11, 2017 (Exhibit 8, Doc. 122 at 51–56)

17  11.  Classification Committee Chrono dated June 1, 2018 (Exhibit 9, Doc. 122 at 58–59)

18  12.  CDCR Form 602, SATF-C-184064, CSP-Corcoran 18-2655 (Exhibit 10, Doc. 122 at 61–

19       65)

20  13.  District Attorney referral dated March 16, 2018; rejection dated April 12, 2018 (Exhibit

21       11, Doc. 122 at 67–68)

22  14.  Declaration of Andre L. Revis, CDCR No. V-97325 (Exhibit 12, Doc. 122 at 70–71)

23  15.  Administrative Segregation Unit Placement by C. Livingston dated November 14, 2018,

24       Identify Safety and/or Enemy Concerns by R. Martinez dated November 14, 2018, and

25       Medical Report of Injury by A. Mueller dated November 14, 2018 (Exhibit 13, Doc. 122

26       at 73–75)

27  16.  E. Arevalos's Responses to Plaintiff's Request for Admission, Sets One and Two (Exhibit

28       14, Doc. 122 at 82–85)

**ATTACHMENT D: Defendant's Exhibits**

1.     Rule violation report regarding Plaintiff, Log Number 04554030

2.     Crime/Incident reports regarding Plaintiff, Log Number SATF-0003-18-03-0111

3.     Chrono regarding altercation involving Plaintiff, dated November 14, 2018

4.     Plaintiff's medical records

5.     Plaintiff's abstracts of judgment for the offenses for which he is currently incarcerated from his central file