UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT HACKWORTH,<br><br>    Plaintiff,<br><br>    v.<br><br>E. AREVALOS,<br><br>    Defendant. | No. 1:19-cv-01362-KES-CDB<br><br>ORDER DENYING MOTION TO STAY EXECUTION OF JUDGMENT WITHOUT A BOND, SETTING SUPERSEDEAS BOND AMOUNT AT $15,000 TO STAY JUDGMENT, AND GRANTING TEMPORARY STAY TO ALLOW FOR POSTING OF BOND<br><br>ORDER DENYING HACKWORTH'S MOTION FOR COURT ORDER<br><br>Docs. 161, 167 |

Plaintiff Robert Hackworth ("Hackworth") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action under 42 U.S.C. § 1983, in which he asserted First and Eighth Amendment claims against Defendant E. Arevalos ("Arevalos"), a correctional officer employed by California Department of Corrections and Rehabilitation ("CDCR"). The case proceeded to a jury trial, and the jury returned a verdict for Hackworth on both claims, awarding both compensatory and punitive damages. Docs. 157, 158.[1] Hackworth filed a post-trial motion

---

[1] The damages award was as follows: $1,650 in compensatory damages for the First Amendment violation; $100,000 in compensatory damages for the Eighth Amendment violation; $20,000 in punitive damages for the First Amendment violation; and $40,000 in punitive damages for the Eighth Amendment violation. Docs. 157, 158.

1

asking the court to order the defendant to pay the judgment. Doc. 161. Arevalos filed a combined motion under Federal Rules of Civil Procedure 50(b) and 59(a) for judgment notwithstanding the verdict, or, alternatively, a new trial.[2] Doc. 165. Hackworth obtained extensions of time to respond to Arevalos's post-trial motion; Hackworth's opposition is now due on February 10, 2025. Doc. 174.

Arevalos has moved to stay execution of the judgment pending the resolution of her post-trial motion and to waive Rule 62(b)'s bond requirement. Doc. 167. Hackworth did not file an opposition to the motion to stay, but he separately filed his motion seeking a court order requiring either Arevalos or her employer to pay the judgment. *See* Doc. 161. For the reasons discussed below, Arevalos's motion to waive the bond requirement and to stay execution of the judgment without a bond, Doc. 167, is denied. The Court sets a bond amount of $15,000 to be posted by Arevalos to stay the judgment pending the resolution of Arevalos's post-trial motion. The judgment is also stayed for 10 days from the entry of this Order to allow for posting of the bond. Hackworth's motion for a court order to enforce the judgment, Doc. 161, is denied without prejudice as premature.

**I.   LEGAL STANDARD**

Rule 62(a) provides that "execution of a judgment and proceedings to enforce it are stayed for 30 days after its entry, unless the Court orders otherwise." Fed. R. Civ. P. 62(a). Rule 62(a) contemplates that a district court may issue an order modifying or extending the stay. As stated in the 2018 Advisory Committee Notes, "Rule 62(a) expressly recognizes the court's authority to dissolve the automatic stay," or alternatively, "the court may choose to supersede it by ordering a stay that lasts longer or requires security." *Rebarber-Ocasio v. Feliciano-Munoz*, No. 3:18-cv-01218-JAW, 2022 WL 17813005, at *1–2 (D.P.R. Nov. 2, 2022) (addressing the 2018 amendments to Rule 62 and quoting the 2018 Advisory Committee Notes).

Under Rule 62(b), "[a]t any time after judgment is entered, a party may obtain a stay by providing a bond or other security. The stay takes effect when the court approves the bond or

---

[2] Hereinafter, "Rule" refers to the applicable Federal Rule of Civil Procedure.

other security and remains in effect for the time specified in the bond or other security." Fed. R. Civ. P. 62(b); *see Vacation Vill., Inc. v. Clark Cnty., Nev.*, 497 F.3d 902 (9th Cir. 2007). Upon posting a supersedeas bond acceptable to the Court, the moving party receives a stay "as a matter of right." *In re Matter of Combined Metals Reduction Co.*, 557 F.2d 179, 193 (9th Cir. 1977); *Hardesty v. Sacramento Metro. Air Quality Mgmt. Dist.*, No. 2:10-cv-02414-KJM-KJN, 2019 WL 2715616, at *3 (E.D. Cal. June 28, 2019). "The purpose of security under Rule 62(b) is to preserve the status quo pending disposition of post-trial motions." *Lexington Ins. Co. v. Scott Homes Multifamily Inc.*, No. CV-12-02119-PHX-JAT, 2015 WL 6956091, at *2 (D. Ariz. Nov. 10, 2015).

A party seeking a waiver of Rule 62(b)'s bond requirement must "objectively demonstrate" the reasons for departing from the usual requirement of a full supersedeas bond. *Cotton ex rel. McClure v. City of Eureka*, 860 F. Supp. 2d 999, 1028 (N.D. Cal. 2012). "Courts in the Ninth Circuit regularly use the *Dillon* factors in determining whether to waive the bond requirement." *Kranson v. Fed. Express Corp.*, No. 11-cv-05826-YGR, 2013 WL 6872495, at *1 (N.D. Cal. Dec. 31, 2013); *see also United States v. Moyer*, No. 07-CV000510 SBA, 2008 WL 3478063, at *12 (N.D. Cal. Aug. 12, 2008) (noting "Ninth Circuit courts regularly use these factors").

The *Dillon* factors include: (1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that the district court has in the availability of funds to pay the judgment; (4) whether the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money; and (5) whether the defendant is in such a precarious financial situation that the requirement to post a bond would place creditors of the defendant in an insecure position. *Dillon v. City of Chicago*, 866 F.2d 902, 904–905 (7th Cir. 1988) (internal citations and quotation marks omitted). Upon a satisfactory showing of the *Dillon* factors, the Court may exercise its inherent discretionary authority over supersedeas bonds to waive the bond requirement. *Rachel v. Banana Republic, Inc.*, 831 F.2d 1503, 1505 n.1 (9th Cir. 1987) (discussing the Court's inherent authority over supersedeas bonds).

## II. ANALYSIS/DISCUSSION

### A. <u>Arevalos's Motion to Stay Execution of the Judgment and Waive Bond</u>

The Court finds that Arevalos does not establish sufficient grounds to waive Rule 62(b)'s bond requirement.

Judgment was entered in this case on October 22, 2024, and was automatically stayed for a period of 30 days, until November 21, 2024. *See* Doc. 159. Once the automatic stay lapsed, "[t]he general rule is that a party may seek to enforce a judgment 30 days after it has been entered." *Oskowis v. Sedona Oak-Creek Unified School District #9*, No. CV-17-08070-PCT-DWL, 2019 WL 6250762, at *1 (D. Ariz. Nov. 22, 2019). Arevalos filed the instant motion on December 4, 2024, outside the thirty-day window, requesting a stay of execution of the judgment pending resolution of her post-trial motion. Doc. 167 at 1.

Arevalos seeks a waiver of the bond requirement under Rule 62(b), but she instead applies the test used to determine whether to stay an injunction pending appeal. *See* Doc. 167 at 3. However, "[t]he applicable rule is Rule 62(b), which courts have interpreted to apply to stays of money judgments." *United States v. Schoenfeld*, No. 2:21-mc-0076 KJM DB, 2023 WL 170019, at *1 (E.D. Cal. Jan. 12, 2023). "In the absence of Ninth Circuit guidance, courts in this Circuit apply separate tests to determine whether to grant a stay of an injunction under Rule 62(d) and whether to grant an unsecured stay under Rule 62(b)." *Id.* at *2 (applying factors set forth by Seventh Circuit in *Dillon v. City of Chicago*, 866 F.2d 902, 904–05 (7th Cir. 1988), to determine whether to waive supersedeas bond and grant unsecured stay); *see also Bolt v. Merrimack Pharmaceuticals, Inc.*, No. S-04-0893 WBS DAD, 2005 WL 2298423, at *2 & n.4 (E.D. Cal. Sept. 20, 2005)) (noting test for evaluating motion to stay injunctive relief pending appeal is "irrelevant in a case controlled by Rule 62[b]"); *Burris v. JPMorgan Chase & Co.*, No. 18-03012, 2022 WL 3285441, at *3 (D. Ariz. Aug. 11, 2022) ("[W]hen a judgment-debtor requests a stay of enforcement of a money judgment under Rule 62(b) without a bond, the request is not evaluated under the traditional four-factor test for evaluating a request for a preliminary injunction but under an entirely different standard with different considerations.").

Under Rule 62(b), "[a]t any time after judgment is entered, a party may obtain a stay by

providing a bond or other security. The stay takes effect when the court approves the bond or other security and remains in effect for the time specified in the bond or other security." Fed. R. Civ. P. 62(b). Arevalos has not provided a bond or other security, thus, her motion is for an unsecured stay. *Schoenfeld*, 2023 WL 170019, at *2 (interpreting motion as one for an unsecured stay). "While parties have a right to a stay through a supersedeas bond, an unsecured stay is reserved for 'unusual circumstances.'" *Bolt*, 2005 WL 2298423, at *2 (citations omitted). As noted above, "[w]hen determining whether to . . . grant an unsecured stay, district courts in this circuit regularly consider the [*Dillon*] factors." *Schoenfeld*, 2023 WL 170019, at *2.

Arevalos does not analyze the *Dillon* factors, nor does she proffer an alternative security guarantee. Other courts in this district have denied motions to waive a supersedeas bond for these reasons. *See, e.g.*, *Schoenfeld*, 2023 WL 170019, at *3 (declining waiver request on account of party's failure to address *Dillon* factors); *Bolt*, 2005 WL 2298423, at *3 (same). To the extent Arevalos's arguments could be considered to address the fourth and fifth *Dillon* factors, they do not warrant an unsecured stay. The fourth and fifth factors address "whether the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money" and "whether the defendant is in such a precarious financial situation that the requirement to post a bond would place other creditors of the defendant in an insecure position." *Dillon*, 866 F.2d at 904–05 (internal quotations, citations, and parentheticals omitted); *Schoenfeld*, 2023 WL 170019, at *2.

Arevalos asserts there is no substantial risk that Hackworth's ability to collect the judgment would be affected "because the judgment is indemnified, in whole or substantial part, by the State of California under California Government Code section 825 (providing for payment of any judgment against a public employee, with discretionary indemnity for punitive damages)." Doc. 167 at 5. However, as Arevalos acknowledges, California Government Code § 825 indicates that the state has no obligation to indemnify her for the punitive damages portion of the judgment. Courts have routinely denied stays when a government entity possesses the discretion to indemnify its public officers but is not obligated to do so. *See, e.g.*, *Rodriguez v. Hernandez*, 304 F. Supp. 2d 227, 230–31 (D.P.R. 2004) ("[U]ntil there is absolute certainty that the

5

[government] has agreed unconditionally to pay the judgment in this case, the mere existence of such possibility is an unacceptable substitute for the guarantees provided by a supersedeas bond."); *see also Cotton*, 860 F. Supp. 2d at 1028 (same).  Given that the state of California is not obligated to indemnify Arevalos for the punitive damages award, Hackworth's ability to collect the judgment is not guaranteed by California Government Code § 825.

Arevalos also contends that enforcement of the judgment would place her under "great financial strain," preventing her from "paying her bills, such as her home mortgage and car payment, as well as supporting her dependent son."  Doc. 167 at 5.  She asserts that paying the judgment "could force her to seek bankruptcy protection," and "would negatively affect her ability to make required payments to her existing creditors who have loaned her money to buy a home and a car and otherwise support herself and her dependent family members."  *Id.*  In sum, Arevalos's main argument seems to be that her inability to pay warrants a waiver of the bond requirement.  But "[g]iven that the primary purpose of the supersedeas bond is to protect a prevailing party's right to collect on a judgment . . . numerous courts have found that a defendant's financial instability actually weighs in favor of a bond requirement."  *Top Brand, LLC v. Cozy Comfort Co., LLC*, No. CV-21-00597-PHX-SPL, 2024 WL 4972001, at *3 (D. Ariz. Dec. 4, 2024) (collecting cases).  Further, to the extent Arevalos contends the possibility of bankruptcy creates risk to her existing creditors, she does not provide any substantive information indicating that her existing debts or creditors would supersede Hackworth's judgment in priority.  *Id.*

Even when a plaintiff makes a showing that posting a full bond would impose an undue burden, the party seeking the stay must "identify some other mechanism, apart from a full bond, to ensure the judgment creditor's rights would be protected."  *Oskowis*, 2019 WL 6250762, at *2; *cf. Bolt*, 2005 WL 2298423 at *4 ("[B]ecause defendant bears the burden of formulating an alternative plan, the court will not imagine one of its own.").  Here, Arevalos has not attempted to identify such a mechanism.  Therefore, the Court finds Arevalos is not entitled to a waiver of the bond requirement under Rule 62(b), and her motion to stay execution of the judgment without the posting of a bond is denied.

1    The Local Rules generally require a bond in the amount of 125 percent of the judgment
2  amount. L.R. 151(d). However, the Court retains discretion to set the amount of the bond,
3  *Rachel*, 831 F.2d at 1505, n.1. Courts often grant unbonded stays in cases involving
4  "demonstrably solvent government entities," *Edmo v. Idaho Dep't of Corr.*, 2022 WL 17975984,
5  at *6 n.9 (D. Idaho Dec. 28, 2022) (surveying cases). As California Government Code section
6  825 provides for State indemnification of Arevalos as to the compensatory damages portion of the
7  judgment, the Court will reduce the amount of the required bond accordingly. Additionally,
8  Arevalos has identified substantial issues concerning the evidentiary sufficiency of the Eighth
9  Amendment verdict and the size of the punitive damages awards. *See* Doc. 165. Taking into
10 account these considerations and the other factors addressed above, the Court finds that a
11 supersedeas bond of $15,000 is appropriate in this case to stay execution of the judgment pending
12 resolution of Arevalos's post-trial motion. *Cf. Wichansky v. Zowine*, No. CV-13-01208-PHX-
13 DGC, 2016 WL 3548759, at *2 (D. Ariz. Jun. 30, 2016) (exercising discretion to set bond
14 amount).

15    **B.    <u>Hackworth's Motion for Court Order to Enforce Judgment</u>**

16    Hackworth's motion for a court order to enforce the judgment, Doc. 161, is denied
17 without prejudice as premature.

18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28

### III.  CONCLUSION

For the foregoing reasons, the Court orders:

1. Arevalos's motion to stay execution of judgment without a bond (Doc. 167) is DENIED;
2. Upon the posting by Arevalos of a $15,000 supersedeas bond, the judgment in this case will be stayed until 30 days after the Court's order on Arevalos's pending motion under Rules 50(b) and 59(e) (Doc. 165);
3. A temporary stay of the judgment is granted until 10 days from the date of entry of this Order; and
4. Hackworth's motion for a court order to enforce judgment (Doc. 161) is DENIED without prejudice.

IT IS SO ORDERED.

Dated: January 17, 2025

UNITED STATES DISTRICT JUDGE