UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT HACKWORTH,<br><br>  Plaintiff,<br><br>  v.<br><br>E. AREVALOS,<br><br>  Defendant. | No. 1:19-CV-01362-KES-CDB<br><br>ORDER GRANTING HACKWORTH'S MOTION FOR TRIAL TRANSCRIPTS<br><br>Docs. 170, 171, 173 |

Plaintiff Robert Hackworth ("Hackworth") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action under 42 U.S.C. § 1983, in which he asserted First and Eighth Amendment claims against Defendant E. Arevalos ("Arevalos"), a correctional officer employed by the California Department of Corrections and Rehabilitation. The case proceeded to a jury trial, and the jury returned a verdict for Hackworth on both claims, awarding Hackworth both compensatory and punitive damages. Docs. 157, 158. Arevalos filed a post-trial motion under Federal Rules of Civil Procedure 50(b) and 59(a) for judgment notwithstanding the verdict, or, alternatively, a new trial. Doc. 165. Hackworth was granted an extension of time to February 10, 2025, to file his opposition to defendant's post-trial motion. Docs. 174. Hackworth

moves for the court to provide him the trial transcripts so he may prepare his opposition to the pending post-trial motion.[1]  Docs. 170, 171, 173.

Hackworth has sufficiently established that he requires the trial transcripts to prepare his response to Arevalos's post-trial motion for judgment as a matter of law or, alternatively, for a new trial.  Moreover, Arevalos has already obtained a copy of the trial transcripts for her use in connection with her motion.

Accordingly, Hackworth's motion for a copy of the trial transcripts is granted, and the Court directs that they be provided to Hackworth at the court's expense.[2]  *See Giraldes v. Prebula*, No. CIV. S–01–2110 LKK-EFB, 2012 WL 1355739, at *2 (E.D. Cal. Apr. 18, 2012) (authorizing use of non-appropriated funds for litigation expenses on behalf of indigent litigant).

IT IS SO ORDERED.

Dated:   January 22, 2025

UNITED STATES DISTRICT JUDGE

---

[1] Hackworth's first two filings for transcripts were order forms without any motion.  Docs. 170, 171.  In his third filing, Hackworth moved for the trial transcripts to be provided to him at no expense so he can prepare an opposition to the pending Rule 50(b) and Rule 59(a) motion.  Doc. 173.

[2] The transcripts will be provided at the court's expense, rather than pursuant to 28 U.S.C. § 1915(c) or 28 U.S.C. § 753(f), neither of which apply given the current posture of the case.  Section 1915(c) provides that, for a litigant proceeding in forma pauperis, "the court may direct payment by the United States of the expenses of . . . printing the record *on appeal* in any civil or criminal case, if such printing is required by the appellate court."  28 U.S.C. § 1915(c) (emphasis added).  Section 753(f) provides that "[f]ees for transcripts furnished in other proceedings to persons permitted to appeal in forma pauperis shall also be paid by the United States if the trial judge or a circuit judge certifies that *the appeal* is not frivolous (but presents a substantial question)."  28 U.S.C. § 753(f) (emphasis added); *see also Lopez v. Yale*, No. 1:04-cv-05595-DLB PC, 2008 WL 3155201, at *2 n.1 (E.D. Cal. Aug. 4, 2008) (noting 28 U.S.C. § 753(f) applies only to persons permitted to appeal in forma pauperis).  Here, Hackworth seeks the trial transcripts to respond to defendant's post-trial motion in the district court, neither party has filed a notice of appeal, and no appeal is pending.

2